WATERBURY ET AL. v. FISHER.

1. WAIVER BY AMENDMENT.
By amending a complaint after demurrer sustained, the plaintiff waives
    his right to assign error upon the ruling.
2. DECISION APPROVED.
The rulings of the court of appeals in this case (5 Colo. App. 362) are
    approved.

*Error to the Court of Appeals.*

Messrs. DOUD & FOWLER, for plaintiffs in error.

Mr. OSCAR REUTER, for defendant in error.

PER CURIAM. As originally framed, the complaint in this
action was for specific performance of a contract concern-
ing real estate. There was asked a decree of sale, and an
accounting, and a division between the plaintiffs and the
defendant, according to their respective interests, of the
profits, if any, to be realized from the sale of said property,
which consisted of Denver city lots alleged to be owned by
the parties to this action as tenants in common.

To the complaint there was interposed a demurrer upon
the ground that the facts set up did not entitle the plaintiffs
to a sale and an accounting. This demurrer was sustained
by the court, evidently upon the theory that the specific
relief (viz., a sale and an accounting) the plaintiffs were not
entitled to under the facts alleged in the complaint, although
they might be entitled to a partition, if slight amendments
thereto were made. We are not required to pass upon this
action of the court by which, in one aspect, it apparently
held that a demurrer lies to the prayer of a complaint, for
the plaintiffs acquiesced in the ruling, and adopted the theory
suggested by the court, and so filed an amended complaint,
differing in no substantial respect from the original, in which
they specifically asked that the court make a partition of the

property. In addition to this, they further asked, if partition was found not to be practicable, that there be a sale and an accounting, although by acquiescing in the decision upon the demurrer and voluntarily amending their complaint they abandoned their right to assign error to the ruling of the court withholding this alternative relief.

Upon issues joined under the amended complaint, answer and replication, there was a hearing before the court, which made findings in favor of the plaintiffs, and, under our statute, referred to three commissioners the matter of the partition. Thereafter, the commissioners reported that a partition was practicable, and that each party was entitled to a designated portion of the property. This report was confirmed by the court, and upon the same a decree was entered dividing the property between the parties as the commissioners recommended.

The plaintiffs being dissatisfied therewith, took the case by appeal to the court of appeals, where the judgment of the lower court was affirmed. See *Waterbury et al. v. Fisher*, 5 Colo. App. 362. To this judgment the plaintiffs prosecute their writ of error in this court. Their principal grievance in the trial court, in the court of appeals, and here, is that when the district court set off to the defendant his share of the property, it should have ordered a sale thereof and a division of the profits, if any, of such sale between the parties according to what the plaintiffs say was the contract between them.

It will be observed that this particular form of relief was what the plaintiffs asked in their original complaint, but to which, under the allegations of that pleading, the court held they were not entitled. It is clear from the evidence set out in this record that, by the agreement of the parties, the plaintiffs were entitled to this additional relief only in case of a sale, and that, inasmuch as they were tenants in common with the defendant of this property, in the absence of an agreement to the contrary it was as much their duty to make a sale thereof as it was the duty of the defendant. In-

deed, we have no doubt that, in accordance with their agreement, it was made the special duty of the plaintiffs and their assignors themselves to make this sale, upon which alone rested their right to a share in the profits. It is equally clear from this record that it was owing to the long neglect of the plaintiffs that such sale was not made.

Considering this fact in connection with the finding and decree of the court that partition of the property was practicable, and that being the very relief which the plaintiffs in the first instance in the amended complaint asked, it would be inconsistent relief to order a sale of that portion of the property set off to the defendant and an allotment of a portion of the profits, if any, to the plaintiffs.

This case was brought into this court before the promulgation of rule 41 of this court, which requires, in cases brought here by appeal from, or writ of error to, any final judgment of the court of appeals, a new assignment of errors and briefs to be filed. Neither of these things was done in this case, and we are therefore not advised whether the defendant in error still insists upon his cross errors assigned in the court of appeals, but if he does, we are satisfied that they were correctly resolved against him in that court.

Upon the whole case, after a careful examination of the entire record in connection with the decision of the court of appeals, we are of opinion that the judgment of the latter court in all respects was right, and it is therefore affirmed.

*Affirmed.*